# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| DON MILLER, | ) |
| Plaintiff, | ) JURY DEMAND |
| v. | ) NO. 3-06-1068 |
| SHIPTECH AMERICA, LLC, | ) |
| Defendant. | ) |

## COMPLAINT

Comes now Plaintiff Don Miller and brings this action against Defendant Shiptech America, LLC for monetary damages. As more specifically set forth herein, Defendant Shiptech wrongfully terminated Plaintiff in violation of the public policy and common law of the State of Tennessee and the Tennessee Public Protection Act, as codified at Tenn. Code Ann. § 50-1-304.

### THE PARTIES

1. Plaintiff Don Miller ("Plaintiff") is an adult citizen of the State of Tennessee residing in Stewart County, Tennessee.

2. Defendant Shiptech America, LLC ("Defendant") is, a for-profit, limited liability foreign corporation authorized to transact business in the State of Tennessee. Its principal place of business is 1670 Dry Dock Avenue, Bldg. 177, North Charleston, South Carolina 29405. Its registered agent for service of process is Kenneth P. Ezell, Esq., 211 Commerce Street, Suite 1000, Nashville, TN, 37201.

3. Upon information and belief, Defendant is in the business of building, cleaning and maintenance services, both in the State of Tennessee and across the United States.

## VENUE

4. Venue is proper in this Court since Defendant maintained an office and employees at Ft. Campbell Army Base in Montgomery County, Tennessee.

## JURISDICTION

5. Jurisdiction is proper in this Court based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, in that the Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

6. Plaintiff was hired to work for Defendant to service and inspect overhead cranes pursuant to a contract the Defendant had with the United States government at the Army base at Ft. Campbell on or about February 28, 2005. At all times herein, Plaintiff performed his duties as a service technician and inspector of the overhead cranes for the Defendant in a professional and competent manner.

7. At all times material to this cause of action, Defendant was subject to certain federal laws and regulations designed to protect the public from fraud, waste and mismanagement in the manner in which private employers carried out its contracts with the government.

8. In September 2005, Plaintiff began to notice that his supervisor, Tom Wallace, was adding parts to the service contracts for the overhead cranes in the hangers and motor pools at Ft. Campbell which were unnecessary. In addition, Plaintiff noticed that Wallace was submitting invoices to the government for the excessive and wasteful items, and then use these products on other Defendant jobs.

9. Plaintiff reported the fraudulent activity to the Defendant's project manager, Darlene

McIntosh. McIntosh ignored and failed to take any action as a result of the Plaintiff's complaints of fraud and waste. Plaintiff reported the actions of Wallace to the Defendant's chief engineer, Rudy Weymaer and regional manager, Jessie Crumbey.

10. When Plaintiff received no response as to his complaints of fraud and mismanagement, Plaintiff submitted a report to the Office of the Inspector General. The Office of the Inspector General started an investigation which determined that the Defendant, by and through its employees, had submitted false and inflated invoices for parts which were not needed at Ft. Campbell.

11. Defendant was ordered to remit payment to the government for the amount of fraud and waste committed by its employees, including Tom Wallace. Defendant terminated the employment of Wallace as a result of the investigation.

12. On or about April 11, 2006, McIntosh requested that Plaintiff submit a false invoice for the replacement of a "collector shoe" on one of the overhead cranes at Ft. Campbell. Plaintiff refused the request from McIntosh to submit the false invoice.

13. On or about April 13, 2006, McIntosh suddenly and without notice terminated the employment of the Plaintiff. When the Plaintiff inquired the reason for his termination, McIntosh told him that "If you can't play ball with us, your going to be fired." When Plaintiff inquired further if the termination was due to his refusal to submit the false invoice two (2) days earlier, McIntosh replied, "I don't want to say it that way."

14. Plaintiff refused to engage in this illegal and/or fraudulent activity which was engaged in by Defendant because he feared that he would violate state or federal law, and that he could be subject to criminal or civil penalties for engaging in the activity.

15. On or about April 13, 2006, Defendant terminated the Plaintiff from his employment

3

with the company.

16. Defendant's actions in discharging Plaintiff was intentional, willful, malicious, and reckless and was carried out with complete and reckless disregard for the consequences of such action and Plaintiff's employment rights under Tennessee state law

17. As a proximate result of Defendant's wrongful and retaliatory actions described above, Plaintiff has suffered, and will continue to suffer, loss of wages, income, and benefits associated with his employment, as well as other consequential damages. As a proximate result of Defendant's wrongful and retaliatory action described above, Plaintiff has suffered severe humiliation, embarrassment, and mental and emotional distress.

## CAUSES OF ACTION

### Count One

18. Plaintiff incorporates paragraphs 1 through 17 above as if specifically set forth herein, and for cause of action asserts that Defendant's conduct constitutes the common law tort wrongful/retaliatory discharge in violation of the strong public policy of the State of Tennessee

### Count Two

19. Plaintiff incorporates paragraphs 1 through 17 above as if specifically set forth herein, and for cause of action asserts that Defendant's conduct constitutes a violation of T.C.A. § 50-1-304.

### Count Three

20. Plaintiff incorporates paragraphs 1 through 17 above as if specifically set forth herein, and for cause of action asserts that Defendant's conduct constitutes a violation of an implied contract of good faith and fair dealing

## RELIEF REQUESTED

**WHEREFORE, IN CONSIDERATION OF THE FOREGOING,** Plaintiff prays that the Court cause service to be issued upon the Defendant. Plaintiff further demands a jury to hear this cause, and upon a hearing thereon, prays that the Court:

1. Enter judgment in favor of Plaintiff finding that Defendant GSK's conduct constitutes a wrongful/retaliatory discharge in violation of the common law and/or public policy of the State of Tennessee, and the Tennessee Public Protection Act, as codified at Tenn. Code Ann. § 50-1-304.

2. Award Plaintiff an amount equivalent to his loss in back pay and benefits and consequential damages;

3. Award Plaintiff front pay in lieu of reinstatement in an amount to be determined at trial;

4. Award Plaintiff compensatory damages in the amount of $250,000.00;

5. Award Plaintiff punitive damages in the amount of $500,000.00; and

6. Award Plaintiff such other general and equitable relief as the Court deems just and proper under either law or equity, including, but not limited to, pre-judgment interest, post-judgment interest, attorney fees, expert witness fees, and costs associated in bringing this action.

THE LAW OFFICE OF DAVID L. COOPER, P.C.

By: _____
DAVID L. COOPER, BPR #11445

Third Avenue North Building
208 Third Avenue, North
Suite 300
Nashville, TN 37201
(615) 256-1008

*Attorneys for Plaintiff*